TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (California Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail: Brent.Whittlesey@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-cv-07576 |
| Plaintiff, | VERIFIED COMPLAINT FOR FORFEITURE |
| v. | 21 U.S.C. § 881(a)(6) |
| $649,900.00 IN U.S. CURRENCY, | [DEA] |
| Defendant. | |

Plaintiff United States of America brings this claim against defendant $649,900.00 in U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

1. This is an in rem civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6).

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $649,900.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers on or about May 13, 2020, seized from a 2015 white Nissan Sentra License #8LTZ090 ("Nissan") occupied by Francisco Arceo ("Arceo") (driver) and Santino Maldonado ("Maldonado") (passenger) during a felony traffic stop at 753 Lillian Way, Los Angeles, California. The Nissan is registered to Zachery Craig Jewelinski ("Jewelinski").

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it shall remain subject to the jurisdiction of this Court during the pendency of this action.

7. The interests of Arceo, Maldonado and Jewelinski may be adversely affected by these proceedings.

## FACTS SUPPORTING FORFEITURE

8. Drug Enforcement Administration("DEA"), San Diego in conjunction with the Pasadena Police Department ("PPD") were conducting a joint ongoing investigation regarding the sales, storage and transportation of illegal drugs, weapons, and bulk U.S. currency operating in the Southern California area.

9. On May 13, 2020, PPD investigators were conducting surveillance on the Nissan driven by Arceo with Maldonado as the passenger.

10. Investigators observed the Nissan arrive at a residence located on Vasanta Way, Los Angeles, California[1] where Arceo and Maldonado entered the residence for approximately 45 minutes and then departed in the Nissan.

11. The investigators attempted to conduct a traffic stop of the Nissan using a block procedure and activating standard police red and blue flashers.  The PPD investigator also activated the siren on the vehicle and utilized an outer vest displaying the words "POLICE" on the front and back of the vest, but the Nissan fled by putting the Nissan in reverse and quickly backing the Nissan a few feet before another investigator was able to pull the second police vehicle into place behind the Nissan to complete the blocking procedure.

12. The Nissan made a quick illegal U-turn narrowly missing one PPD investigator, before the Nissan accelerated across two lanes of northbound traffic and drove southbound on Vine Street.

13. The Nissan was then seen on Lillian Way parked.  Both Arceo and Maldonado had exited the Nissan and Arceo was running across the street southeast holding a dark satchel to his chest. When Arceo saw the investigator's vehicle (lights and siren were still activated), Arceo stopped running southeast, and started running back towards the driver's door of the Nissan.

14. The PPD investigator moved his vehicle to the Nissan driver's door to block access to the Nissan by Arceo.  Arceo was still able to open the driver's door to the point it struck the front right quarter panel of the investigator's vehicle.

---

[1] Pursuant to Local Rule 5.2-1, the residence address has been omitted from this Complaint.

15. Maldonado had stopped on the west parkway area where PPD was able to apprehend both Maldonado and Arceo. Both Maldonado and Arceo were arrested and the Nissan was impounded and searched.

16. In the trunk of the Nissan, PPD found a vacuumed sealed bag with a large amount of U.S. currency inside. The bag had the number "50" written on it as if it was $50,000. PPD also noticed a large brown cardboard box in the trunk ("trunk box") that was glued closed.

17. PPD instructed a narcotics detection trained K-9 Chase to conduct a sniff of the trunk box.

18. Chase is a 4-year-old Springer Spaniel that is trained to detect the odor of methamphetamine, cocaine, heroin and their derivatives. Chase was certified as a narcotics detection canine on June 21, 2017. Chase has over 400 hours of narcotics detection training. Chase has assisted in the recovery of approximately 800 lbs. of narcotics and over 4.5 million in narcotics proceeds. Chase alerted to the odor or narcotics coming from the trunk box.

19. PPD opened the trunk box and located twelve additional vacuum sealed bags of U.S. currency similar to the other vacuum sealed bags of U.S. currency located in the trunk, and which also had the number "50" marked on the bags. The trunk box's vacuumed sealed bags appeared to be wrapped in a foil type bag, which is commonly used by narcotic traffickers to try and conceal narcotics and narcotic proceeds from detection by X-ray machines.

20. The total of the vacuum sealed bags of U.S. currency found in the trunk of the Nissan amounted to $649,900.00 (i.e. "defendant currency") in the denominations of 750 $100 bills, 300 $50 bills, 26,961 $20 bills, and 44 $5 bills. These currency denominations are commonly associated with narcotics trafficking transactions.

21. Arceo and Maldonado refused to answer questions regarding the large amount of U.S. currency in the trunk of the Nissan and signed disclaimer of ownership forms regarding the large amount of U.S. currency in the Nissan.

22. Arceo has a criminal history that includes assault, aggravated assault, weapon offenses, MOB action, battery with bodily harm, homicide, second degree murder, transport of dangerous material, and aggravated battery of a peace officer.

23. Maldonado has a criminal history that includes multiple arrests for possession of marijuana or cannabis over 20 grams, and paraphernalia.

24. PPD also found two garage door openers in the Nissan, one of which belonged to a condominium on Rimpau Boulevard, Los Angeles.

25. A State of California search warrant was issued for the Vasanta Way, Los Angeles location where seven subjects were detained and PPD discovered a sophisticated marijuana stash house. The living room was converted into a workshop to store, package and weigh large amounts of marijuana. There were multiple large folding tables set up in the living room and dining room with over a dozen vacuum sealer machines. There was an electronic cardboard box tape sealer and numerous scales throughout the house to weight the marijuana. Additional items found in the living room included a loaded Glock 26 9mm handgun, a loaded 1911 handgun with no serial number, and a large box of marijuana. There was also a stack of U.S. currency on the couch and two stacks of U.S. currency on the coffee table, along with a notebook with pay/owe sheets.

ADMINISTRATIVE CLAIMS

26. The seizure was made on May 13, 2020 which qualified for administrative notice extension of 60 days pursuant to this Court's April 6, 2020 Order, to August 11, 2020.  These extension delays were extended an addition thirty days again pursuant to this Court's May 29, 2020 Order, to October 10, 2020, and an additional sixty days pursuant to this Court's August 10, 2020 Order, to December 9, 2020. DEA initiated administrative notice of the known suspects Arceo and Maldondo on November 9, 2020 and began publication on July 6, 2020.

27. Zackery Jewelinski filed a claim in the DEA's administrative forfeiture proceedings for the defendant currency as owner.

CLAIM FOR RELIEF

28. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking or was intended to be used in one or more exchanges for a controlled substance or listed chemical, in violation of 21 U.S.C. § 841 et seq.  The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant currency;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

(d)  for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: September 22, 2021

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section

　/s/ *Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, MATTHEW T. SALTS, hereby declare that:

1. I am a Special Agent with the U.S. Drug Enforcement Administration.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed ____9/22/21____, 2021 in Los Angeles, California.

_____
MATTHEW T. SALTS
Special Agent
U.S. Drug Enforcement Administration